## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MAGNOLIA FLEET, LLC, AND MAGNOLIA MIDSTREAM, LLC** | **CIVIL ACTION NO:** |
| **Plaintiffs** | **SECTION ""** <br> **Judge :** |
| **VERSUS** | **DIVISION** <br> **Judge:** |
| **GRIFFIN BARGE LINE, LLC,** | **Rule 9(h) – Admiralty** |
| **Defendant** | |

## VERIFIED COMPLAINT

COMES NOW, Plaintiffs MAGNOLIA FLEET, LLC ("Magnolia Fleet"), and MAGNOLIA MIDSTREAM, LLC ("Magnolia Midstream" and together with Magnolia Fleet "Plaintiffs") by and through undersigned counsel to hereby file its claim against Defendant GRIFFIN BARGE LINE, LLC ("Griffin" or "Owner") as follows:

## PARTIES, JURISDICTION AND VENUE

1.      This is an admiralty and maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Court has jurisdiction pursuant to 28 U.S.C. §1333.

2.      This is an action brought procedurally under Admiralty Supplemental Rule B for the specific purpose of securing jurisdiction and security by way of attachment for the Defendant's breach of a maritime contract by serving and attaching Owner's property that is present within this District as the Owner cannot be found within this District.

3.      Magnolia Fleet, LLC is a limited liability company organized under the laws of the State of Louisiana with an office at 3000 Ridgelake Drive, Metairie, LA 70002.

4.      Magnolia Midstream, LLC is a limited liability company organized under the laws of the State of Louisiana with an office at 3000 Ridgelake Drive, Metairie, LA 70002.

5.      Defendant Griffin is a limited liability company organized under the laws of the State of Texas with its principal place of business at 4501 Elm Street, Bellaire, TX 77401.

6.      Defendant Griffin is not registered to do business in the State of Louisiana and does not have a registered agent for service of process in the State of Louisiana.

7.       Griffin is the registered record owner of a fleet of vessels, including the GRIFFIN 1L, USCG No. 1267926, a tank barge registered in the United States and  documented with the United States Coast Guard and the GRIFFIN 2T, USCG No. 1267928 a tank barge registered in the United States and documented with the United States Coast Guard.

8.      The GRIFFIN 1L and the GRIFFIN 2T can be found within this District, but its Owner cannot.

9.      Magnolia Fleet provides towing and fleeting services.

10.     Magnolia Midstream provides fuel oil to vessels.

11.     As will be further stated herein, Magnolia Midstream entered into a maritime contract with the Defendant for the supply of fuel oil and lubricants to a towing vessel chartered by Griffin and to the GRIFFIN 1L and the GRIFFIN 2T, which remains unpaid. Magnolia Fleet entered into a maritime contract with Griffin where Griffin chartered a towing vessel from Magnolia Fleet to tow Griffin's barges and contracted for Magnolia Fleet to provide fleeting services.

12.     This is an action praying for immediate process to attach and serve the *in personam* Defendant's tangible property under Supplemental Rule B of Admiralty, to wit: the property of the Defendant, the GRIFFIN 1L and the GRIFFIN 2T (the "Vessels"), because the Defendant cannot be found in the District as the Defendant company is a citizen of another state; the act of

serving the Vessels under Rule B is to confer jurisdiction on the Court and to obtain security for the claim.

13.     Venue is proper in this District as property owned by Griffin is located within this District, which Plaintiffs seek to attach pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

## GENERAL ALLEGATIONS OF FACT

14.     Defendant Griffin entered into a maritime contract with Magnolia Fleet for Magnolia Fleet to provide among other things the charter of a tug, the ADELINE, to move the Vessels and for fleeting services.

15.     Defendant Griffin entered into a maritime contract with Magnolia Midstream for Magnolia Midstream to provide fuel oil to the tug chartered by Griffin and Griffin's Vessels.

16.     The maritime contract between Griffin and Magnolia Fleet for the charter of tugs and for fleeting services is evidenced by the invoices dated July 31, 2018, No. 28392; August 3, 2018, No. 14209; August 3, 2018, No. 14210; August 15, 2018, No. 28426; August 18, 2018, No. 14502; August 18, 2018, No. 14503; August 18, 2018, No. 14504; August 18, 2018, No. 14505; August 18, 2018, No. 14506; August 18, 2018, No. 14507; August 20, 2018, No. 28411; August 31, 2018, No. 28438; September 6, 2018, No. 14972; September 6, 2018, No. 14973; September 14, 2018, No. 15073; September 14, 2018, No. 15074; September 15, 2018, No. 28472; September 25, 2018, No. 15279; September 25, 2018, No. 15280; September 28, 2018, No. 15393; September 28, 2018, No. 15394; September 20, 2018, No. 28471; October 11, 2018, No. 15607; October 11, 2018, No. 15608; October 15, 2018, No. 28566; October 31, 2018, No. 28567 attached hereto as *in globo* Exhibit "A."

17.     Pursuant to the Invoices attached as Exhibit "A," Griffin had 15 days from the date of the invoice with which to pay Magnolia Fleet.

18.     As of the date of this Petition, Griffin owes Magnolia Fleet $488,458.96 for the charter of the ADELINE and fleeting services.

19.     Despite amicable demand, Griffin has failed to pay Magnolia Fleet the amounts that are due and owing under the invoices attached as Exhibit "A."

20.     The maritime contract for the sale of fuel oil by Magnolia Midstream to Griffin is evidenced by the invoices and fuel delivery notes dated August 27, 2018, No. MS3427; August 27, 2018, No. MS3429; August 31, 2018, No. 3655; August 31, 2018, No. 3666; September 3, 2018, No. 3622; September 17, 2018, No. MS2654; September 17, 2018, No. MS2655; September 17, 2018, No. MS2656; September 20, 2018, No. MS3456; September 20, 2018, No. MS3457; September 21, 2018, No. 3669; September 25, 2018, No. MS3458; October 23, 2018, No. MS2705; October 23, 2018, No. MS2706, attached hereto as *in globo* Exhibit "B."

21.     Pursuant to the invoices attached as Exhibit "B," Griffin had either 15 or 30 days from the date of the invoice with which to pay Magnolia Midstream.

22.     Pursuant to the Invoices attached as Exhibit "B", as of the date of this Petition, Griffin owes Magnolia Midstream $193,337.49. Despite amicable demand, the invoices remain outstanding.

23.     Upon information and belief, Griffin intends to end the maritime contracts and remove the Vessels from this District without payment to Magnolia Fleet for the invoices attached as Exhibit "A" and without payment to Magnolia Midstream for the invoices attached as Exhibit "B."

## COUNT I – BREACH OF A MARITIME CONTRACT & RULE B ATTACHMENT

24.     Plaintiff hereby re-alleges and re-avers all allegations at Paragraphs 1-23 above.

4

25.     Griffin received the benefit of the charter and fleeting services from Magnolia Fleet, including the provision of a tug, the ADELINE.

26.     Griffin did not pay for the charter hire for the tug or the fleeting services provided by Magnolia Fleet.

27.     Magnolia Fleet is damaged in the amount of at least $488,458.96 and this amount continues to accrue as of the date of this filing.

28.     Griffin did not pay for the fuel oil sold to Griffin and provided for the tug chartered by Griffin which was sold by Magnolia Midstream.

29.     Magnolia Midstream is damaged in the amount of at least $193,337.49 and this amount continue to accrue as of the date of this filing.

30.     Upon information and belief, the Vessels owned by Griffin are currently located at the Magnolia Fleet East Fleet located in New Orleans East, at 7501 Terminal Road, New Orleans, Louisiana 70126, which is within this district.

31.     Pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions to the Federal Rules of Civil Procedure, Magnolia Fleet and Magnolia Midstream are entitled to attach all of Griffin's property within this District, including, but not limited to the Vessels to satisfy Magnolia Fleet and Magnolia Midstream's breach of contract claims.

32.     Despite diligent search, Griffin cannot be located within this District and within the jurisdiction of this Court, but assets of Griffin, including, but not limited to, the Vessels, are located within this District and within the jurisdiction of the Court. This property may be attached pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions to the Federal Rules of Civil Procedure.

33.     Magnolia Fleet agrees to release and hold harmless and indemnify the United States of America, the United States Marshal, their agents, servants, employees and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the attachment of defendants' property including, but not limited to, the Vessels.

**WHEREFORE**, Plaintiffs, Magnolia Fleet, LLC and Magnolia Midstream pray:

1. That process in due form of law and according to the rules and practices of this Court in matters of admiralty and maritime jurisdiction issue against Defendant, Griffin Barge Lines, LLC and the garnishee(s);

2. That if Griffin Barge Lines, LLC cannot be found within this District, as stated in the affidavit attached hereto, that all of its property within this District be attached as set forth in this Complaint with interest and costs;

3. That this Court issue an Order directing the Clerk of Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions to the Federal Rules of Civil Procedure over all of Griffin Barge Lines, LLC's tangible or intangible property in this district due, owing, or otherwise claimed as property of Griffin Barge Lines, LLC, including but not limited to the GRIFFIN 2T and the GRFIFFIN 1L;

4. That this Court retain the attached property pending adjudication of Magnolia Fleet's claims against Griffin Barge Lines, LLC;

5. That this Court enter Final Judgment against the Defendant for Plaintiffs' damages, in the amount of at least $681,796.45, together with interest and costs.


Dated: October 23, 2018

Respectfully submitted,

**/s/ *Aaron B. Greenbaum***
Aaron B. Greenbaum, T.A. (#31752)
Salvador J. Pusateri (#21036)
Elizabeth B. McIntosh (#36575)
PUSATERI, JOHNSTON, GUILLOT &
GREENBAUM
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone:  (504) 620-2500
Facsimile:  (504) 620-2510
Salvador.Pusateri@pjgglaw.com
Aaron.Greenbaum@pjgglaw.com
Elizabeth B. McIntosh@pjgglaw.com
**ATTORNEYS FOR MAGNOLIA FLEET,
LLC AND MAGNOLIA MIDSTREAM, LLC**